UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAMELA ROLLE,

                Plaintiff,

     -against-

EDUCATIONAL BUS TRANSPORTATION, INC.,

                Defendant.
----------------------------------------------------------------X

ORDER
13-cv-1729 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ SEP 17 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Pamela Rolle ("plaintiff") to a Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated August 8, 2014, recommending that I grant the motion of defendant Educational Bus Transportation, Inc. ("defendant") seeking dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons stated herein, the Report is accepted in its entirety.

I.     Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88

1

L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Insurance, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips v. Reed Group, Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews

2

the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Management, Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care System, Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

II. Objections

Plaintiff contends, in essence, *inter alia*, that Magistrate Judge Tomlinson erred in finding that the complaint fails to state a plausible claim of discrimination because (1) she "was within a protected class[,] * * * was qualified for the position and * * * did experience adverse employment action raise [sic] from discrimination" and will present "[l]aw and fact * * * when asked[,]" (Obj. at 2); (2) defendant "is known for hiring and firing African Americans violating the company's policy and contracts for discriminatory issues," (id.); (3) "[w]hite drivers in the same similar situations are treated differently and are employed with [sic] long term at the company," (id.); (4) defendant also has a "practice [of] retaliation against African Americans and do [sic] not do this with their white employees," (id.); and (5) "[f]ormer employee, Dolly Brooks was a similarly situated employee that suffered retaliation from the same company * * *[,]" (id.). In addition, plaintiff alleges that "a claim will be stated under the federal and state law that prevents employees from Title VII Discrimination and Retaliation," (id.), and that defendant "practice [sic] these unlawful practices against [her] many times along with harassment[,]" (id.).

Upon *de novo* review of the Report, the pleadings, all motion papers, plaintiff's

3

objections and defendant's response thereto, I accept Magistrate Judge Tomlinson's Report in its entirety. For the reasons set forth in the Report, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

III. Conclusion

For the reasons set forth herein and in Magistrate Judge Tomlinson's Report, the Report is accepted in its entirety; defendant's motion seeking dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; and the complaint is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. The Clerk of the Court shall enter judgment in favor of defendant, close this case and serve notice of entry of this Order pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein
———————————————
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 17, 2014
       Central Islip, New York